IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIE DAVIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case. No. 2:12-cv-02010-STA-cgc |
| v. | ) | Case No. 2:07-cr-20042-STA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER ADDRESSING PENDING MOTIONS
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is an amended Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Willie Davis, Bureau of Prisons register number 21433-076, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania (Am. Superseding § 2255 Mot., *Davis v. United States*, No. 2:12-cv-02010-STA-cgc (W.D. Tenn.), ECF No. 6-1); a Motion Seeking Leave to File a Supplement to his § 2255 Motion (Mot. for Leave to Suppl., *id.*, ECF No. 22); and a Motion for Discovery (Mot. for Discovery, *id.*, ECF No. 23). For the reasons stated below, the Court DENIES the Motion for Discovery, DENIES the Motion Seeking Leave to File a Supplement to his § 2255 Motion, and DENIES Petitioner's § 2255 Motion.

I.          BACKGROUND

    A.          **Criminal Case Number 07-20042**

On February 1, 2007, a federal grand jury returned an eight-count indictment against Davis. (Indictment, *United States v. Davis*, No. 2:07-cr-20042-STA (W.D. Tenn), ECF No. 1.) Count 1 charged that, on or about January 14, 2007, Davis forced Aaron McKinley to use his ATM card to withdraw funds from his bank account by use of actual and threatened force, violence, and fear, in violation of 18 U.S.C. § 1951. Count 2 charged Davis with using and carrying a firearm during and in relation to the crime of violence alleged in Count 1, in violation of 18 U.S.C. § 924(c). Count 3 charged that Davis, on or about January 14, 2007, used force, violence, and intimidation to take from the person and presence of Aaron McKinley money belonging to and in the care, custody, control, management, and possession of Bank of America, in violation of 18 U.S.C. § 2113. Court 4 charged Davis, a convicted felon, with possessing a Colt .38 revolver on or about January 14, 2007, in violation of 18 U.S.C. § 922(g). Count 5 charged that, on or about January 14, 2007, Davis attempted to rob Johnson's Master Muffler Center, in violation of 18 U.S.C. § 1951. Count 6 charged Davis with robbing a McDonald's at 2850 Lamar Avenue, Memphis, Tennessee, on or about January 23, 2007, in violation of 18 U.S.C. § 1951. Count 7 charged Davis with using and carrying a firearm during and in relation to the crime of violence alleged in Count 6, in violation of 18 U.S.C. § 924(c). Count 8 charged Davis, a convicted felon, with possessing a Lorcin .380 pistol on or about January 25, 2007, in violation of 19 U.S.C. § 922(g). (*Id.*)

The factual basis for this charge is stated in the presentence report ("PSR"):

14. On January 14, 2007, at approximately 9:45 a.m., Aaron McKinley was working at Johnson's Master Muffler Center at 1637 Getwell in Memphis when he was approached by a male, later identified as Willie Lee Davis (defendant Willie Davis). Davis asked McKinley for an auto part. McKinley informed Davis that the shop was not yet open for business, at which time Davis retrieved a handgun and demanded that McKinley give him $700.00. McKinley informed Davis that he had no cash on his person. McKinley then asked Davis not to shoot him and offered to drive Davis to an ATM to get him money. Davis, pointing his gun at McKinley's head,

2

forced McKinley to drive to two ATM's in Memphis to withdraw money. While en route to one of the ATMs, McKinley saw a police cruiser driving in the opposite direction. McKinley intentionally swerved his vehicle in an attempt to get the officer's attention, but Davis struck McKinley in the mouth with his handgun. At the second ATM, McKinley withdrew $250.00 instead of $700.00. At that point, Davis told McKinley that he would shoot him if he did not get more money.

15. Davis then forced McKinley to return to the muffler shop at 1637 Getwell, where James Young was now inside working on a vehicle. McKinley knocked on the door of the shop, and Young came to answer. Davis and McKinley entered the shop with Davis now pointing his gun at McKinley and Young. Davis made the two men sit down on a rack and demanded money from Young, to which Young responded that he had no money on his person. Davis told McKinley to hand him a hammer so he could hit Young with it. McKinley told Davis he would not give him the hammer and Davis again became angry and said to McKinley, "You tough ain't ya. I will just kill you."

16. Young then told Davis that were was money inside the store office. Davis forced McKinley and Young inside the office but no money was found there. Davis became irate and angry, and he cocked his gun while trying to make the victims lie down on the floor. At that moment, victim Young overpowered Davis by grabbing Davis's gun and engaging him in a physical struggle. The struggle resulted in the firearm discharging once but not striking anyone. McKinley then joined the struggle, and the MPD arrived moments later and subdued the defendant.

17. The MPD recovered a Colt .38 caliber revolver on the scene. Davis was transported to the Regional Medical Center (The Med) for injuries he sustained during the struggle with McKinley and Young. Shortly after arriving at the hospital, Davis freed himself from the handcuffs that held him to the hospital bed and escaped.

18. Approximately nine days later, on January 23, 2007, a MPD patrol officer responded to a robbery at the McDonald's restaurant at 2850 Lamar Avenue, Memphis. Once at the scene, it was learned that a male subject, later identified as Willie Davis, entered the business and pointed a silver handgun at McDonald's employee William Gray, demanding money from the cash register. Gray gave Davis the money from the cash register. Davis then forced Gray, along with the store manager Dezreke Douglas and employees Alycia Williams and Elliot Coleman, to the rear of the business at gunpoint where he forced Douglas to open the safe. Davis took the money from the safe then fled the business on foot. The victims of the

> McDonald's robbery subsequently identified the defendant in a photo line-up.
>
> 19. On January 25, 2007, the MPD received a telephone call from a citizen who indicated that the defendant was at 2475 Dwight, Memphis. Officers arrived on the scene, but Davis would not come out of the residence. The Shelby County, Tennessee, Sheriff's Office SWAT team responded to the location and Davis was subsequently taken into custody without incident. A search of the residence revealed several rounds of live ammunition and a Lorcin .380 caliberm chrome and black handgun. In a post-arrest statement, Davis admitted to robbing victims McKinley and Young at the muffler shop on Getwell on January 14, 2007, as well as robbing the McDonald's at 2850 Lamar Avenue on January 23, 2007. He stated he was a member of the "Raymond Avenue Crips" based out of Los Angeles, California. A record check revealed that Davis was a previously convicted felon, and, as such, was prohibited from possessing a firearm.

(PSR ¶¶ 14-19.)

Pursuant to a written Plea Agreement, Davis appeared before this Judge on March 19, 2009, to plead guilty to Counts 1 and 4-8 of the Indictment. (Min. Entry, *id.*, ECF No. 52; Plea Agreement, *id.*, ECF No. 53.) The Plea Agreement provided that, "[p]ursuant to Rule 11(c)(1)(C), F[ed]. R. Crim. [P.], the parties agree that the defendant shall be sentenced to a term of imprisonment of 216 months." (Plea Agreement, *id.*, ¶ 3, ECF No. 53.) At sentencing on July 29, 2009, the Court sentenced Davis to the agreed term of 216 months, to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 61.) The Court entered judgment on August 6, 2009. (J. in Criminal Case, *id.*, ECF No. 62.) Davis did not take a direct appeal, having waived the right to do so.

### B. Procedural History of Davis's § 2255 Motion

On January 3, 2012, Davis filed a document, titled "First Amendment Petition for Redress of Grievances," that the Clerk docketed as a motion under 28 U.S.C. § 2255 (§ 2255 Mot., *Davis v. United States*, ECF No. 1.) That filing was accompanied by a motion seeking to proceed *in forma pauperis*. (Mot. for Leave to Proceed *in forma pauperis*, *id.*, ECF No. 2.) On February 23, 2012,

Davis filed another "First Amendment Petition for Redress of Grievances." (First Amended § 2255 Motion, *id*., ECF No. 3.) In both filings, Movant argued that he was entitled to relief from his conviction in light of the Supreme Court's decision in *Bond v. United States*, 131 S. Ct. 2355 (2011).

In both of these Motions, Davis purported to seek relief under 28 U.S.C. § 1331 and the First Amendment to the United States Constitution. Davis asked the Court "to render the conviction and plea agreement void, illegal and unconstitutional [and] to immediately discharge and release the petitioner from these restraints and prison[.]" (§ 2255 Mot., *id*., 3-4, ECF No. 1); *see also* First Amended § 2255 Mot., *id*., 3-4, ECF No. 3.) In both filings, Davis also asked the court "to order the United States Government liable as a matter of law!" (§ 2255 Mot., *id*., 4, ECF No. 1); *see also* First Amended § 2255 Mot., *id*., 4, ECF No. 3.)

On April 17, 2012, Davis filed a proper § 2255 Motion on the official form that, *inter alia*, sought relief under the Supreme Court's decision in *Bond v. United States*. In an April 23, 2014 Order by this Court, the Court stated that this properly filed § 2255 Motion would supersede Davis's previous two § 2255 Motion filings. (Superseding § 2255 Mot., *id*., ECF No. 4.)[1] Davis's Superseding § 2255 Motion presented the following issues:

1. Whether "[t]he court of conviction lacked jurisdiction, and was without jurisdiction to impose such sentence and was imposed in violation of the Tenth Amendment of the United States Constitution, subject to collateral attack." (*Id.* at 4.);

2. Whether "[t]he court of conviction lacked jurisdiction, and was without jurisdiction to impose such sentence and was imposed in violation of the Separation of Powers Clause, subject to collateral attack." (*Id*. at 5);

---

[1]For purposes of the statute of limitations, the Court, in an order dated April 23, 2014, deemed Davis's § 2255 Motion to have been filed on December 29, 2011—the date on which Davis signed his first § 2255 Motion, or "First Amendment Petition for Redress of Grievances." (Order Addressing Pending Motions, *id.*, 3, ECF No. 19.)

3. Whether "[t]he court of conviction lacked jurisdiction and was without jurisdiction to impose such sentence and was imposed in violation of the Establishment Clause, subject to collateral attack." (*Id.* at 7);

4. Whether "[t]he court of conviction lacked jurisdiction, and was without jurisdiction to impose such sentence and was imposed in violation of the Due Process Clause, subject to collateral attack." (*Id*. at 8.)[2]

On September 7, 2012, Davis filed a Motion for Leave of Court to File a 28 U.S.C. § 2255 Motion. (Mot. Leave to File § 2255 Mot., *id*., ECF No. 6.) The filing argues that the Supreme Court's decision in *Bond* was a retroactively applicable change in the controlling law. (*Id*. at 1-2.) Attached to the Motion is an amended § 2255 Motion, which is similar to the Superseding § 2255 Motion except for the elimination of the previous Claim 3, which referred to the Establishment Clause. (Am. Superseding § 2255 Mot., *id.,* ECF No. 6-1.) The Amended Superseding § 2255 Motion presents the following new Claim 3:

3. "'Newly discovered evidence' in light of the U.S. Supreme Court's recent 9-0 decision in Bond v. U.S. . . . ." (*Id*. at 7.)[3]

In the Court's April 23, 2014 Order, the Court ordered that Davis's Amended Superseding § 2255 Motion would supersede any previous filings and would be the operative pleading in this matter.

On November 1, 2012, Davis filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction, in which he complained that no decision had been issued on three motions that were filed in his criminal case. (Mot. to Dismiss, *id.,* ECF No. 8) The Court denied his Motion on April 23, 2014. (Order Addressing Pending Motions, *id*., ECF No. 19.) On November 2, 2012, Davis filed a Motion to Set Aside a Judgment as Void pursuant to Rule 60(b)(4) of the Federal Rules of

---

[2]An attachment, titled "28 U.S.C. § 2255 Grounds and Supporting Facts," presented the legal argument in support of the grounds stated in the Second Amended § 2255. (Attachment to Superseding § 2255 Mot., *id*., ECF No. 4-1.)

[3]Attached to the Third Amended § 2255 Motion is the same attachment as the one described above in footnote 2.

Civil Procedure (Mot. Set Aside J., *id*., ECF No. 7.), which the Court denied on April 23, 2014. (Order Addressing Pending Motions, *id*., ECF No. 19.)

On September 16, 2013, Davis filed a "First Amendment Petition" as an amendment to his Amended Superseding § 2255 Motion. (First Amended Petition to Amended Superseding § 2255 Mot., *id*., ECF No. 13.) Davis argued that his right to due process was violated in light of the Supreme Court's decisions in *United States v. Rodriguez*, 553 U.S. 377 (2008) and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Court construed this "First Amendment Petition" as seeking leave to amend and summarily denied the motion. (Order Addressing Pending Mot., *id*., ECF No. 19.)

On September 23, 2013, Davis filed another "First Amendment Petition," in which he argued that his sentence was imposed in violation of the Fifth and Sixth Amendments in light of the Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151. (Second Amended Petition to Amended Superseding § 2255 Mot., *id*., ECF No. 14.) Again, the Court construed this second "First Amendment Petition" as seeking leave to amend and summarily denied the motion. (Order Addressing Pending Mot., *id*., ECF No. 19.) On December 23, 2013, Davis filed a Notice of Default addressed to Attorney General Eric Holder, Jr., seeking a default judgment in this matter. (Not. of Default, *id*., ECF No. 18.) On April 23, 2014, the Court denied Davis's motion for default judgment. (Order Addressing Pending Mot., id., ECF No. 19.)

The Government filed its Response to Davis's Amended Superseding § 2255 Motion on May 16, 2014. (Response to Amended Superseding § 2255 Mot., *id*., ECF No. 20.) In its Answer, the Government argues that Davis's § 2255 Motion is time-barred by the one-year statute of limitation for § 2255 pursuant to the 28 U.S.C. § 2255(f) and should be denied.

On June 9, 2014, Davis filed a Reply to the Government's Response (Movant's Reply, *id*.,

7

ECF No. 21.) Davis argues that his § 2255 Motion is not time-barred because he filed his Motion within one year of the Supreme Court decision in *Bond*, which triggered the start of the statute of limitation period, pursuant to 28 U.S.C. § 2255(f)(3). Davis further argues that he "can avail under subsection (f)(3), because *Bond* created a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (*Id*. at 2.)

On September 22, 2014, Davis filed a "Motion Seeking Leave to Supplement the Petitioner's 28:2255 Motion to Vacate/Correct Illegal Sentence," which requested that he be allowed to amend his Amended Superseding § 2255 Motion to raise new claims. (Mot. to File Suppl. to Am. Superseding § 2255 Mot., *id*., ECF No. 22-1.) Davis's Motion presents the following issues:

1. "The district court did not have jurisdiction in the Petitioner's case pursuant to 19 U.S.C. § 3231, because the 18 U.S.C. § 922(g) statute in the Petitioner's Indictment is unconstitutional as applied to the Petitioner's conduct …" (*Id*. at 1.)

2. "The Petitioner's attorney was constitutionally ineffective in that the Petitioner's attorney deprived the Petitioner of his Sixth Amendment right of effective assistance, by not investigating the section 922(g) statute to determine if it could be constitutionally applied to the Petitioner's conduct." (*Id.* at 9.)

3. "Prosecuting and convincing the Petitioner under the brandishing element of Section 924(c) constituted a constructive amendment of Count seven in the Petitioner's indictment, because the Petitioner's conduct did not satisfy 18 U.S.C. § 924(c)(1)(A)(ii)'s brandishing requirement, based on the language in Count seven, therefore the Petitioner was deprived of his Fifth Amendment right to have a grand jury charge . . ." (*Id*. at 11.)

4. "The Petitioner is actually innocent of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(c)(1)(A)(ii)."

On February 3, 2015, Davis filed a Motion for Discovery, requesting that he be allowed to "determine if the facts alleged in Counts Four and Eight in the Movant's Indictment were

8

sufficient in law to support a conviction." (Mot. for Discovery, *id*., 2, ECF No. 23.) Davis argues that discovery is necessary to determine "whether the facts alleged in Counts Four and Eight failed as a matter of law to state an offense of 18 U.S.C. § 922(g) in accord with the act of October 22, 1968." (*Id*.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).[4] Rule 6(a) of the Section 2255 Rules provides, in pertinent part, that "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law" (emphasis added). *See also* Rule 6(b), Section 2255 Rules ("A party requesting discovery must provide reasons for the request."). The Supreme Court has described the circumstances under which "good cause" may be found:

> In *Harris [v. Nelson*, 394 U.S. 286, 300 (1969)], we stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." . . . . Habeas Corpus Rule 6 is meant to be "consistent" with *Harris*.

*Bracy*, 520 U.S. at 908-09; *see also Lynott v. Story*, 929 F.2d 228, 232-33 (6th Cir. 1991). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). As the Sixth Circuit has emphasized:

> Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant

---

[4]Although the cases cited involve Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, that rule is virtually identical to the applicable Section 2255 Rule.

9

discovery under [Rule 6]; the petitioner must set forth specific allegations of fact."
*Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).
*Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Davis has not satisfied his burden of demonstrating that it is necessary or appropriate to permit discovery. Furthermore, it is evident that Davis is using this Motion for Discovery as another medium to argue his § 2255 Motion and to compel this Court to render a decision on his § 2255 Motion. The Motion for Discovery is DENIED.

**II.        LEGAL STANDARD**

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Sunal v. Lange*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 3044 n.10, 49 L. Ed. 2d 1067 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process

*Id.*

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating her "actual innocence." *Bousley v. United States*, 523 U.S.C 614, 662 (1998).

After a § 2255 motion is filed, it is reviewed by the court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file its answer, motion, or other response within a fixed time, or take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, 552 U.S. 1217 (2008), *reh'g denied*, 552

U.S. 1305 (Mar. 31, 2008) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), *reh'g denied* (May 2, 2006).

### III. ANALYSIS OF MOVANT'S CLAIMS

#### A. Statute of Limitations

In its Answer, the Government argues that the Amended Superseding § 2255 Motion is time barred. (Answer, *Davis v. United States*, ECF No. 20.) Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review.*" *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Where, as here, a prisoner did not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted); see also *Benitez v. United*

12

*States*, 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).[5]

### a. Claims 1, 2, and 4 of Movant's Amended Superseding § 2255 Motion

The running of the limitations period for Claims 1, 2, and 4 in Davis's Amended Superseding § 2255 Motion (Am. Superseding § 2255 Mot., *Davis v. United States*, ECF No. 6-1) began running when his convictions became final. The Judgment was entered on August 8, 2009, and Davis's conviction became final on August 22, 2009, the last day for filing a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2009). The running of the limitations period commenced on that date, and it expired one year later, on August 22, 2010. Davis's original § 2255 Motion was signed on December 29, 2011, which was a year and half after the expiration of the limitations period. (*See* § 2255 Mot., *id*., 4, ECF No. 1.) Claims 1, 2 and 4 of Davis's Amended Superseding § 2255 Motion are, therefore, facially time barred.

This conclusion is not altered by the fact that Claims 1, 2, and 4 challenge the subject-matter jurisdiction over the criminal case. Section 2255(a) expressly authorizes consideration of the sentencing court's jurisdiction in a § 2255 motion, and the statute of limitations in § 2255(f) does not exclude jurisdictional challenges. Most of the courts that have addressed the issue have held that jurisdictional challenges are subject to the same limitation for filing § 2255 motions. *See United States v. Scruggs*, 691 F.3d 660, 666-67 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 1282 (2013); *Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008); *United States v. Patrick*, 264 F. App'x 693, 695-96 (10th Cir. 2008); *Peacock v. United States*, Nos. 5:08-CR-00082,

---

[5]In a 2009 amendment, the time for filing a notice of appeal in a criminal case was extended from 10 days to 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i).

5:11-CV-00021-BR, 2011 WL 317972, at *2 (E.D.N.C. Jan. 28, 2011) ("[T]he court is not aware of any authority in this Circuit that stands for the proposition that one can challenge subject matter jurisdiction in a collateral attack on a conviction irrespective of § 2255's statute of limitations.").[6] The Court finds these decisions to be persuasive. Therefore, Claims 1, 2, and 4 of the Amended Superseding § 2255 Motion are untimely.

### b. Claim 3 of Movant's Amended Superseding § 2255 Motion: The Supreme Court Decision in *Bond v. United States*

Claim 3 asserts that Davis is entitled to relief on the basis of the Supreme Court decision in *Bond v. United States*, 131 S. Ct. 2355 (2011). In *Bond*, the Court held that criminal defendants have standing to challenge their statutes of conviction on the ground that they violate the Tenth Amendment. *Id*. at 2360, 2366-67.

Movant contends that the decision in *Bond* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). The Supreme Court in *Bond* did not recognize any new substantive right that is retroactively applicable to cases on collateral review. *See, e.g., McDonald v. United States*, Nos. 4:06-cr-35, 4:12-cv-8, 2012 WL 2681213, at *2 (E.D. Tenn. July 6, 2012) ("In the posture of collateral review, as McDonald finds himself, he must demonstrate *Bond* identified a newly recognized right and the newly recognized right has been made retroactively applicable to cases on collateral review in order to obtain relief here. McDonald does not cite any

---

[6]*But see Paschal v. United States*, No. 01 C 4959, 2003 WL 21000361, at *4 (N.D. Ill. May 1, 2003) (noting that a challenge to a trial court's jurisdiction may be raised at any time).

14

authority, and the Court is aware of none, which has determined that this Supreme Court case upon which he relies is a new rule of constitutional law that is retroactively applicable. Although the Supreme Court did not expressly state whether its ruling constituted a new right, even if the Court presumes *Bond* recognized a new right, there is nothing to indicate, and McDonald has not shown, that the newly recognized right has retroactive application to § 2255 motions.") (citations omitted); *see also United States v. Emmons*, Criminal No. 6:08-CR-00057-01, Civil Action No. 6:12-CV-01775, 2013 WL 1194720, at *3 (W.D. La. Jan. 31, 2013) ("Absent evidence that the Supreme Court has already made *Bond* retroactive, Emmons lacks a valid basis for arguing that the one-year limitations period began to run when *Bond* was decided.") (report and recommendation), *adopted*, 2013 WL 1193719 (W.D. La. Mar. 20, 2013); *Satcher v. United States*, No. AW-12-cv-1679, No. AW-00-cr-105, 2012 WL 5995446, at *1 (D. Md. Nov. 29, 2012) ("Petitioner's reliance on *Bond v. United States*, ___ U.S. ___, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011), to assert a jurisdictional error is unavailing as he has failed to show a new right recognized by the Supreme Court which is applicable on collateral review or assert any new fact in support of his claim.") Therefore, Claim 3 of Davis's Amended Superseding § 2255 Motion is time barred.

### c. Movant's Motion Seeking Leave to Amend his Amended Superseding § 2255 Motion

Pursuant to Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"), "[t]he [§2255] motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district uses the form promulgated by the Administrative Office of the United States Courts. Davis's proposed amendment is not filed on the official form, and its format is not substantially consistent with that of the official form. (*See* Mot. for Leave to Suppl., *id.*, ECF No. 22). Use of the official form is necessary to permit the Court to review the issues presented in an efficient manner.

15

Although the Court ordinarily would deny leave to amend without prejudice to Movant's right to resubmit his amendment on the official form, the Court will not do so in this case. For the reasons previously stated in subpart A of this order, Davis's new claims in this Motion are conclusively time barred.

Therefore, Davis's Motion for leave to amend is hereby DENIED.

Because every issue presented is time bared, the § 2255 Motion is DENIED. Judgment shall be entered for the United States.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *See Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

16

In this case, for the reasons previously stated, the issues raised by Movant lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability. The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. *Se*e Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[7]

IT IS SO ORDERED this 30th day of March, 2015.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

---

[7]If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.